UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA, and
STATE OF FLORIDA ex rel. CHARLES
ORTOLANO,

      Plaintiffs,

-vs-                                          CASE NO. 5:10-cv-583-Oc-TBS
AMIN RADIOLOGY d/b/a CITRUS
DIAGNOSTIC CENTER,

      Defendant.
_____/

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to observe accurately the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

In this case, as you know, the Plaintiff's claims against the Defendant are made under the state and federal False Claims Acts. Under those laws, any person, including a corporation, who knowingly presents to the Government (state or federal) a false claim for the payment of money, is liable to the Government for damages measured by the amounts of money paid out by the Government on the basis of such false claims. And, further, in such a case any citizen may bring an action in this court as a Plaintiff in the name of the Government and against the Defendant to recover those damages. If a Plaintiff proves his claims, the judgment is entered in favor of the Government as the injured entity, but the Plaintiff is entitled to a percentage of the recovery of 25% to 30% as determined by the court as compensation to the Plaintiff for pursuing the claim through litigation.

In this case the Plaintiff has sought to prove that the Defendant made false claims in two separate categories:

(1) claims made for MRI with contrast dye injections performed after February 1, 2006 at the Defendant's Dunnellon Center without direct supervision by a physician.

(2) claims made for PET/CT procedures performed after May of 2006 at the Citrus Center by technicians whose licenses did

not lawfully permit them to perform such procedures.

In order to recover under the False Claims Acts a Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Defendant presented or caused to be presented a claim against the United States or the State of Florida;

Second: That the claim was materially false;

Third: That the Defendant knew that the claim was materially false; and

Fourth: That the false claim was paid by the Government.

A claim for the payment or disbursement of Medicare funds is a claim against the United States. A claim for the payment or disbursement of Medicaid funds is a claim against the State of Florida. And a claim for the payment or disbursement of Tricare funds is a claim against the United States.

When a medical services provider enrolls for Medicare, Medicaid and Tricare reimbursement of its covered medical charges, the provider promises and agrees that all of its claims for payment will be in full compliance with the governing rules and regulations applicable to the particular kind of claim being

8

presented. Therefore, when a provider makes a claim for payment he certifies (through the making of the claim itself) that the services were rendered and the charge was incurred in full compliance with all governing rules and regulations applicable to the particular service and claim.

At all times material to this case under the licensing and certification laws of the State of Florida, a PET/CT procedure is a nuclear medicine procedure and only a licensed nuclear medicine technologist was authorized to conduct any and all stages of a PET/CT procedure. A general radiographer is not licensed to perform any part of a nuclear medicine procedure. Also, Medicare and Medicaid only reimburse for nuclear medicine procedures like PET/CT when proper physician supervision is provided.

A claim is false if it is untrue when it is made or used. The person must have made the false claim for the purpose of getting the false claim paid or approved by the government.

A claim is materially false if the subject of the falsity is such that it had the ability to influence the government's decision making process in paying that claim.

A materially false claim is knowingly made or used if the Defendant has actual knowledge of the falsity, or acts with deliberate ignorance of the truth or falsity, or acts with reckless disregard of the truth or falsity of the claim.

A claim against the Government may consist of one transaction for which payment is sought, and each claim should be considered separately and independently in determining whether the Plaintiff has proved each of the essential facts listed above.

If you find that the Plaintiff has proven by a preponderance of the evidence all of the elements of one or more of the two categories of claims, you must then determine the amount of damages to be awarded. The measure of the government's damages is the amount that it paid out by reason of the false claim(s).

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.